### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL J. HAYS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE NO. CIV-13-1011-M |
| MERCY HOSPITAL WATONGA, INC., | ) ) ) |
| Defendant. | ) |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1.  This is a civil action asserting causes of action for employment discrimination and retaliation prohibited by the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. ("ADEA"); and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*. ("ADA").

### II. PARTIES

2.  Plaintiff, Michael J. Hays, is an individual citizen and resident of the United States who resides in Watonga, Oklahoma, within the Western District. Plaintiff was employed and discharged from employment by Defendant in Watonga, Oklahoma, within the Western District of Oklahoma.

3.  Defendant, Mercy Hospital Watonga, Inc., is a domestic not for profit business corporation providing medical and hospital services in Watonga, Oklahoma.


### III. JURISDICTION AND VENUE

4.     This Court has federal question jurisdiction under 28 U.S.C. § 1331, 29 U.S.C. § 626(c) and § 216(b), and 42 U.S.C. § 2000e-5(f)(3) and § 12117(a).

5.     Venue is proper under 29 U.S.C. § 216(b), 42 U.S.C. § 2000e-5(f)(3) and § 12117(a), and 28 U.S.C. § 1391(b) and (c).

### IV. CONDITIONS PRECEDENT

6.     On or about December 24, 2012, Plaintiff timely filed an EEOC Intake Questionnaire with the Equal Employment Opportunity Commission ("EEOC") which was assigned the EEOC Charge No. 564-2013-00357 alleging, inter alia, that Defendant discriminated against him based upon his disability and age. Plaintiff subsequently perfected his charge on or about March 20, 2013, when he signed an EEOC Form 5 Charge of Discrimination prepared by the EEOC. Plaintiff has exhausted his administrative remedies as to his disability and age claims.

7.     The EEOC issued Plaintiff a notice of right to sue dated June 20, 2013, and he is filing this lawsuit within ninety (90) days of his receipt of said notice.

### V. FACTUAL ALLEGATIONS

8.     Defendant is an employer engaged in interstate commerce or activities affecting interstate commerce. Defendant owns and operates hospitals and other medical facilities within the Western District of Oklahoma, and employs over 20 employees. It has a facility in Watonga where Plaintiff performed work.

9.     Defendant is a covered employer under the ADEA and the ADA.

10.     Plaintiff's year of birth is 1960, and was 52 years of age at the time of his discharge by Defendant.

11.     Plaintiff is disabled, has a record of disability, and/or was perceived as being disabled by Defendant due to hypertension, tachycardia, bradycardia, anxiety, hypercholesteremia, and severe allergies. During his employment, Defendant's management personnel were aware of Plaintiff's disabilities and his need to take a large number of prescription medications.

12.     Plaintiff was initially employed by Defendant in approximately February 2010.

13.     At the time of his discharge, Plaintiff was a Registered Nurse ("RN"), and was classified as a Charge RN. He was well qualified to perform his assigned job duties, and had received no warnings about his job performance or for any policy violations.

14.     On or about July 6, 2012, Plaintiff was discharged from his position by Kelli Spencer, RN and Director of Nursing. Plaintiff was told he was discharged for an alleged positive drug test for a controlled substance. Plaintiff subsequently applied for unemployment compensation benefits, and he was found not to have engaged in any misconduct connected with his work.

15.     Prior to his discharge, Plaintiff informed all personnel involved in the drug testing that he needed to list and provide information about the numerous medications he was taking. Plaintiff was denied this request and reasonable accommodation for his disabilities, including, without limitation, listing his medications and a retest.

16. At the time of his discharge, Plaintiff was 52 years old. Younger and/or non-disabled employees were not discharged under the same or similar circumstances as Plaintiff. After his discharge, Plaintiff's work was given to one or more younger and/or non-disabled nurses.

17. All adverse actions described herein, and taken by Defendant against Plaintiff, including without limitation, his discharge, were done intentionally, willfully, and maliciously, or in reckless disregard for the legal rights of Plaintiff.

18. At the time of Plaintiff's discharge, he was paid at the rate of $30.00 per hour. As a result of Defendant's wrongful actions, Plaintiff has suffered a loss of employment; loss of career path and seniority; loss of compensation and benefits; and compensatory damages, including, without limitation, those for humiliation, embarrassment, loss of dignity, stress, and loss of enjoyment of life.

### VI.  FIRST CAUSE OF ACTION: VIOLATION OF THE ADEA

19. Plaintiff incorporates hereunder by reference paragraphs 1-18, as set forth above.

20. Plaintiff was 52 years old and over age 40 at the time he was subjected to the discriminatory treatment, including discharge, described in ¶¶ 14, 15, and 16, above.

21. Plaintiff was fully qualified to perform his assigned job duties as RN and did so in a satisfactory manner.

22. Plaintiff's job duties were assigned to one or more significantly younger

employees after his discharge and/or younger similarly situated employees were treated more favorably than Plaintiff in regard to terms and conditions of employment, including without limitation, granting of reasonable accommodation, discipline, and discharge from employment.

23. A determining factor in all of Defendant's adverse actions toward Plaintiff, including his discharge, was his age, in violation of the ADEA. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described in ¶ 18, above.

24. Defendant's violations of the ADEA were willful.

25. Plaintiff is entitled to all remedies and relief afforded by the ADEA, including, without limitation, liquidated damages.

### VII. SECOND CAUSE OF ACTION: VIOLATION OF ADA

26. Plaintiff incorporates hereunder by reference paragraphs 1-25, as set forth above.

27. Plaintiff is protected under the ADA from employment discrimination based upon his disability. Defendant discriminated against Plaintiff because of his disability by taking the adverse actions against him described above in ¶¶ 14, 15, and 16, including, without limitation, terminating him from employment because of his disability, record of disability, or Defendant's perception that he is disabled, in violation of the ADA. As a result of Defendant's adverse actions, Plaintiff suffered the losses and damages described

in ¶ 18, above.

28. Defendant's actions in violating the ADA were intentional, willful, malicious, or in reckless disregard for Plaintiff's rights thereunder.

29. Plaintiff is entitled to all remedies and relief provided for a violation of the ADA, including, without limitation, compensatory and punitive damages.

### VIII.  JURY TRIAL REQUESTED

30. Plaintiff is entitled to a jury trial for his claims under the ADEA and the ADA, and hereby requests a jury trial.

### IX.  PRAYER FOR RELIEF

31. Plaintiff prays for judgment as follows:

   A. Payment of back wages, benefits, and compensation;

   B. Reinstatement to his former job position, or alternatively, appropriate future pay, including all wages, benefits and compensation;

   C. All other compensatory damages, including, but not limited to, those for humiliation, loss of dignity, stress, and loss of enjoyment of life;

   D. Liquidated damages;

   E. Punitive or exemplary damages;

   F. Declaratory and injunctive relief as appropriate;

   G. Pre-judgment and post-judgment interest; and,

   H. Attorney's fees, costs and such other and further relief as the Court deems reasonable and proper.

        s/Raymond C. Durbin
        OBA No. 2554
        601 N.W. 13th Street
        Oklahoma City, Oklahoma 73103-2213
        Phone:   (405) 521-0577
        Fax:   (405) 525-0528
        Email:   durbinlaw@flash.net

        ATTORNEY FOR PLAINTIFF

**ATTORNEY LIEN CLAIMED.**

**JURY TRIAL DEMANDED.**